UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LAWRENCE MATTHEW MCLEOD, JR.,

    Plaintiff,

v.                                                    Case No.  8:21-cv-1058-KKM-SPF

KILOLO KIJAKAZI,
Acting Commissioner of the
Social Security Administration,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

    Plaintiff seeks judicial review of the denial of his claim for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI").  As the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and employed proper legal standards, it is recommended that the Commissioner's decision be affirmed.

    **I.    Procedural Background**

    Plaintiff filed an application for DIB and SSI (Tr. 255-281).  The Commissioner denied Plaintiff's claims both initially and upon reconsideration (Tr. 130-144, 145-166).  Plaintiff then requested an administrative hearing (Tr. 188-191).  Per Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified (Tr. 99-129).  Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits (Tr. 75-98).  Subsequently, Plaintiff requested review from the Appeals Council, which the Appeals Council denied (Tr. 1-7).  Plaintiff then timely filed a complaint

1

with this Court (Doc. 1). The case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

## II.     Factual Background and the ALJ's Decision

Plaintiff, who was born in 1963, claimed disability beginning December 29, 2017 (Tr. 130). Plaintiff obtained a high school education (Tr. 106). Plaintiff's past relevant work experience includes twenty years of work at Tampa Electric in various jobs including customer service representative, trouble coordinator, and trouble specialist (Tr. 106, 316, 461). Plaintiff alleged disability due to malnutrition, inability to eat, diabetes type 2, and neuropathy (Tr. 131).

In rendering the administrative decision, the ALJ concluded that Plaintiff met the insured status requirements through June 30, 2024 and had not engaged in substantial gainful activity since December 29, 2017, the alleged onset date (Tr. 80-81). After conducting a hearing and reviewing the evidence of record, the ALJ determined Plaintiff had the following severe impairments: peripheral neuropathy, spine disorder, diabetes mellitus, hypertension, obesity, gout, degenerative joint disease of the left knee, and ischemic disease/ stroke (Tr. 81). Notwithstanding the noted impairments, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 83). The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to perform light work with the following limitations: Plaintiff can lift and carry at the light exertional level; stand and walk for two hours in an eight-hour workday; frequently push and pull with the bilateral upper extremities, but only occasionally with the bilateral lower extremities; occasionally perform postural activities; never climb ladders, ropes, or scaffolds; frequently handle, reach, and

2

reach bilaterally; can have no more than occasional exposure to atmospheric irritants such as dust, odors, fumes, or gases (Tr. 85). The ALJ further indicated Plaintiff requires the use of a handheld assistive device (*Id.*). In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of those symptoms were not entirely consistent with the medical evidence and other evidence (Tr. 85-86).

Considering Plaintiff's noted impairments and the assessment of a vocational expert ("VE"), however, the ALJ determined Plaintiff could perform his past relevant work as a customer service representative, a service dispatcher, and troubleshooter I (Tr. 90). Accordingly, the ALJ found Plaintiff not disabled (Tr. 91).

### III.   Legal Standard

To be entitled to benefits, a claimant must be disabled, meaning he or she must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. § 423(d)(3).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. §§

404.1520, 416.920.  If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary.  20 C.F.R. §§ 404.1520(a), 416.920(a).  Under this process, the ALJ must determine, in sequence, the following:  whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, i.e., one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404 Subpart P, Appendix 1; and whether the claimant can perform his or her past relevant work.  If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience.  20 C.F.R. §§ 404.1520(a), 416.920(a).  A claimant is entitled to benefits only if unable to perform other work.  *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. §§ 404.1520(g), 416.920(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards.  *See* 42 U.S.C. §§ 405(g), 1383(c)(3).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938) (internal quotation marks omitted)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).  While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions.  *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citations omitted).

In reviewing the Commissioner's decision, the court may not re-weigh the evidence or substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates

4

against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

### IV. Analysis

Plaintiff argues that the ALJ erred in the determination of his RFC because (1) the ALJ did not provide substantial support for her evaluation of Dr. Swengros's opinions; (2) the ALJ did not properly evaluate Plaintiff's subjective complaints; and (3) the ALJ erred in finding he can perform his past relevant work. For the reasons that follow, the ALJ applied the correct legal standards and the ALJ's decision is supported by substantial evidence.

#### A. Dr. Swengros's Opinions

Plaintiff argues that the ALJ erred because Plaintiff's RFC does not reflect the functional limitations identified by Dr. Swengros (Doc. 18 at 16-24). The Commissioner responds that substantial evidence supports the ALJ's evaluation of Dr. Swengros's opinions (*Id*. at 24-33). Additionally, the Commissioner asserts that the RFC's limitations– that Plaintiff can stand and walk no more than two hours in an eight-hour workday and uses a hand-held assistive device– "[are] not clearly incongruous with an inability to walk more than 200 feet at a time" (Tr. 29).

A claimant's RFC determination is reserved for the ALJ who is not required to include limitations that the record does not support. 20 C.F.R. § 404.1546. To determine a

5

claimant's RFC, an ALJ assesses what a claimant can do in a work setting despite any physical or mental limitations caused by his or her impairments and related symptoms. 20 C.F.R. § 404.1545(a)(1). In rendering the RFC, the ALJ must consider the medical opinions in conjunction with all the other evidence of record and must consider all the medically determinable impairments, including impairments that are not severe, and the total limiting effects of each. 20 C.F.R. §§ 404.1520(e), 404.1545(a)(2) & (e); *see Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987) (stating that the "ALJ must consider the applicant's medical condition taken as a whole").

Before March 27, 2017, SSA regulations codified the treating physician rule, which required the ALJ to assign controlling weight to a treating physician's opinion if it was well supported and not inconsistent with other record evidence. *See* 20 C.F.R. §§ 404.1527(c), 416.927(c). Under the treating physician rule, if an ALJ assigned less than controlling weight to a treating physician's opinion, he or she had to provide good cause for doing so. *See Winschel v. Comm'r of Soc. Sec*, 631 F.3d 1176, 1178–79 (11th Cir. 2011). In this case, however, revised SSA regulations (published on January 18, 2017, and effective on March 27, 2017) apply because Plaintiff filed his claim in November 2018 (*see* Tr. 18). As the SSA explained, "under the old rules, courts reviewing claims tended to focus more on whether the agency sufficiently articulated the weight we gave treating source opinions, rather than on whether substantial evidence supports our final decision ... these courts, in reviewing final agency decisions, are reweighing evidence instead of applying the substantial evidence standard of review, which is intended to be highly deferential to us." Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5853 (Jan. 18, 2017); *see also Schink v. Comm'r of Soc. Sec.*, 935 F.3d 1245, 1259 n.4 (11th Cir. 2019). *Compare* §§

6

404.1527(c), 416.927(c) ("We will always give good reasons in our notice of determination or decision for the weight we give your treating source's medical opinion.") *with* 20 C.F.R. §§ 404.1520c(a), 416.920c(a) ("We will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources."). Moreover, the Eleventh Circuit recently affirmed that these new regulations eliminate the treating physician rule. *Harner v. Comm'r of Soc. Sec.*, 38 F.4d 892, 897 (11th Cir. June 27, 2022) (noting that the Commissioner "determined that a change was required due to a shift away from physicians having a personal relationship with claimants and toward claimants consulting multiple doctors and care teams").

The new regulations require an ALJ to apply the same factors when considering the opinions from *all* medical sources. 20 C.F.R. §§ 404.1520c(a); 416.920c(a). As to each medical source, the ALJ must consider: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) "other factors that tend to support or contradict a medical opinion or prior administrative medical finding." 20 C.F.R. §§ 404.1520c(c); 416.920c(c). The first two factors, however, are the most important: "Under the new rule, the SSA will consider the persuasiveness of all medical opinions and evaluate them primarily on the basis of supportability and consistency." *Mackey v. Saul*, 2020 WL 376995, at *4, n.3 (D.S.C. Jan. 6, 2020) citing 20 C.F.R. § 404.1520c(a), (c)(1)-(2) (while there are several factors ALJ must consider, "[t]he most important factors … are supportability (paragraph (c)(1)) of this section) and consistency (paragraph (c)(2) of this section)."). "Supportability" refers to the principle that "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or

7

prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative finding(s) will be."   20 C.F.R. §§ 404.1520c(c)((1), 416.920c(c)(1). "Consistency" refers to the principle that "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. §§ 404.1520c(c)((2), 416.920c(c)(2).

  In this case, the ALJ found Plaintiff retained the RFC for a limited range of light work (Tr. 85).  In reaching her RFC determination, the ALJ opined that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record …" (Tr. 86).  As required, the ALJ discussed medical opinions, including Dr. Swengros's opinions (Tr. 88-89).  The ALJ found Dr. Swengros's opinion limiting Plaintiff to walking 200 feet "generally unpersuasive" (Tr. 88 citing Ex. 21E).  Noting that Dr. Swengros rendered the opinion on a Disabled Parking Permit application, the ALJ opined that "the completion of this form generally [is] unpersuasive, as it is not supported with detailed explanation, nor is the limitation to walking only 200 feet entirely consistent with the longitudinal medical evidence of record" (Tr. 88 citing Exs. 19F/62-63 and 25F/5-6).  The ALJ weighed another opinion from Dr. Swengros rendered five days later on a Prudential Insurance Company disability insurance form (Tr. 88 citing Exs. 29F; 31F; and 34F/3-4).  On this form, Dr. Swengros opined that Plaintiff "had difficulty ambulating due to a stroke and peripheral neuropathy" (Tr. 1702).  The ALJ found this opinion "somewhat persuasive, as it

8

is supported with a simple explanation and is not inconsistent with the objective medical evidence of record which does demonstrate difficulty with ambulation" (Tr. 88 citing Exs. 29F; 31F; and 34F/3-4). Consistent with the amended regulations, the ALJ here addressed the supportability and consistency of Dr. Swengros's opinions. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).

Plaintiff's argument that the ALJ erred by weighing the two opinions from Dr. Swengros inconsistently is meritless. While both of Dr. Swengros's opinions restrict Plaintiff's ability to ambulate, the ALJ found the opinion rendered on the Prudential form supported by a "simple explanation"– Plaintiff's diagnoses with cerebellar stroke, peripheral neuropathy, and type 2 diabetes— and found the other opinion rendered on the parking permit application unsupported and inconsistent with the objective medical evidence (Tr. 88). Looking at the decision as a whole, the ALJ's thorough summary of the medical evidence supports her assessment of Dr. Swengros's opinions and her RFC determination.

Plaintiff's argument that other record medical evidence supports Dr. Swengros's opinions is unpersuasive. Specifically, Plaintiff points to a November 29, 2018 opinion by an unnamed pain medicine doctor on a Prudential Insurance Company Disability form that Plaintiff "has an increased risk for falls with walking greater than approximately 50 yards" (Tr. 1215); Dr. Swengros's treatment records, and various objective medical evidence and clinical findings. Even where the evidence could support a different conclusion, the ALJ's decision must be affirmed if it is supported by substantial evidence and based on the proper legal standards. *See Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Here, the ALJ applied the proper legal standards and a detailed analysis of the record evidence. In particular, the ALJ addressed another part of the November 29, 2018 opinion in her decision:

9

> In late 2018, it was opined that the claimant is unable to tolerate sitting or standing for greater than approximately 30 minutes at a time before needing to lay flat for symptom relief. The undersigned finds this assessment unpersuasive, as the source of the statement is not provided, nor is the assessment consistent with the medical evidence of record, which fails to demonstrate such extreme restrictions.

(Tr. 89). Then, the ALJ discussed an October 2018 medical examination that revealed no back swelling or tenderness, decreased range of motion of lumbar spine, 5/5 motor strength in bilateral upper and lower extremities, no sensory or motor deficits, and a normal gait; a December 2019 examination that revealed decreased range of motion of lumbar spine, positive Patrick's sign bilaterally, tenderness to palpation, positive paresthesia response to touch of bilateral feet, and otherwise no motor deficits; and another December 2019 examination that revealed trace pedal edema, 5/5 strength throughout, cold sensation decreased just above ankle and below bilaterally, otherwise normal sensation, normal coordination, and a normal stride and base with occasional misstep during tandem walking (Tr. 89 citing Exs. 5F at 17, 22F at 23-24, 25F at 5-6). The ALJ also noted that Plaintiff's medications provided partial pain control with no side effects; that Plaintiff reported increased right hip pain when driving but "still tolerable;" and that Plaintiff's physician encouraged him to exercise 30-40 minutes a day (Tr. 89 citing Ex. 25F at 5-6). To the extent Plaintiff asks the Court to re-weigh the evidence or substitute its opinion for that of the ALJ, it cannot. *Winschel,* 631 F.3d at 1178. Moreover, the ALJ need not specifically discuss every piece of evidence. *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005). Although Plaintiff cites to record evidence that could support a different conclusion, the undersigned finds that the ALJ's decision must be affirmed as it is supported by substantial evidence and based on the proper legal standards. *Martin,* 894 F.2d at 1529.

Within the first issue, Plaintiff also asserts that he suffers from further mental limitations than the ALJ incorporated into the RFC. In particular, Plaintiff states that record evidence shows he had a recent mini stroke; slurred his words; had difficulty recalling words; was depressed, suffered from insomnia, psychomotor retardation, fatigue, loss of energy; had feelings of worthlessness, inappropriate guilt, and a diminished ability to think or concentrate; his medications failed to adequately address his mental health symptoms despite being adjusted more than once; and that he was nervous and had only fair insight (Doc. 18 at 23). As the Commissioner responds, symptoms are distinguishable from objective medical evidence and medical opinions. *Compare* 20 C.F.R. § 404.1502(i) ("Symptoms means your own description of your physician or mental impairment") *with* 20 C.F.R. § 404.1502(f) ("Objective medical evidence means signs, laboratory findings, or both") *and* 20 C.F.R. § 404.1513(a)(2) (defining medical opinion in part as "a statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions in [specified] abilities …"). Despite pointing to his array of subjective complaints, Plaintiff offers no specific evidence supporting greater limitations and undermining the ALJ's RFC determination.[1] *See Moore v. Barnhart*, 405 F.3d 1208, 1213 n.6 (11th Cir. 2005) (mere existence of impairments does not reveal the extent to which they limit ability to work). Accordingly, Plaintiff's argument fails. *Beegle v. Soc. Sec. Admin., Comm'r*, 482 F. App'x 483, 486 (11th Cir. 2012) ("A claimant's residual functional capacity is a matter reserved for the ALJ's determination, and while a physician's opinion on the matter will be considered, it is not dispositive."); *Cooper v. Astrue*, 373 F. App'x 961, 962

---

[1] Part B below addresses Plaintiff's separate argument that the ALJ erred in considering his subjective complaints.

(11th Cir. 2010) (the assessment of a claimant's RFC and corresponding limitations are "within the province of the ALJ, not a doctor"). Here, substantial evidence supports the ALJ's RFC.

### B. Subjective Complaints

Plaintiff next argues that the ALJ erred in considering Plaintiff's subjective complaints. In particular, Plaintiff states that the ALJ improperly dismissed his complaints of pain, unsteady gait, dizziness, neuropathy, balance issues, and eye damages due to diabetes as unsupported by objective medical evidence. Upon consideration, as set forth below, the ALJ properly followed this circuit's pain standard and did not err in evaluating Plaintiff's subjective complaints.

Subjective complaint determinations are the province of the ALJ, and this Court will not disturb clearly articulated credibility findings that are supported by substantial evidence. *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014). Additionally, the Eleventh Circuit's pain standard applies to claimants who attempt to establish disability through their own testimony of subjective complaints. This standard requires evidence of an underlying medical condition and either (1) objective medical evidence that confirms the severity of the alleged pain arising from the condition, or (2) that the objectively determined medical condition is of such a severity that it can reasonably be expected to give rise to the alleged pain. *See Holt v. Sullivan*, 921 F.2d 1221 (11th Cir. 1991). When an ALJ decides not to credit a claimant's testimony as to pain, he must articulate explicit and adequate reasons. *Foote v. Chater*, 67 F.3d 1553, 1561-62 (11th Cir. 1995).

Social Security Ruling 16-3p cautions that "subjective symptom evaluation is not an examination of an individual's character." *Id*. Adjudicators, as the regulations dictate, are to

consider all the claimant's symptoms, including pain, and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence in the record. *Id*. The regulations define "objective evidence" to include medical signs shown by medically acceptable clinical diagnostic techniques or laboratory findings. 20 C.F.R. §404.1529. "Other evidence," again as the regulations define, includes evidence from medical sources, medical history, and statements about treatment the claimant has received. *See* 20 C.F.R. § 404.1513.

      Here, the ALJ discussed Plaintiff's problems due to eating, diabetes, and neuropathy, and his reports of difficulty lifting, squatting, bending, standing, reaching, walking, sitting, kneeling, climbing stairs, remembering, completing tasks, and using his hands. The ALJ also considered Plaintiff's back pain, inability to drive more than short distances, need to elevate his legs, inability to stand more than 15-20 minutes, use of a cane, complaints of high blood pressure, uncontrolled diabetes, gait instability, and speech problems (Tr. 85). After careful consideration of the evidence, the ALJ opined that "claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision" (Tr. 86). Specifically, the ALJ discussed that treatment records from late December 2017 through April 2020 showed Plaintiff suffered from lumbosacral spondylosis and neuropathy; that his symptoms improved to some extent with Lyrica and Amitriptyline; and that Plaintiff complained of lower extremity weakness and tingling but rated his pain as a 4 out of 10 (Tr. 86-87). The ALJ also noted that treatment records reflected Plaintiff was prescribed physical therapy, a low salt and sugar diet, and an

13

exercise program (*Id.*). In light of this evidence, the ALJ found "claimant's allegations are not entirely consistent" with the "longitudinal and objective medical evidence of record" (Tr. 89). The ALJ supported her finding: "[t]he claimant does experience some levels of pain and limitations but only to the extent described in the residual function capacity" (Tr. 89-90). As a result, the ALJ concluded that "the objective medical evidence of record demonstrates that the combined effects of the claimant's physical impairments limit him to performing a reduced range of light work activity" (Tr. 90). As required, the ALJ articulated specific and adequate reasons for discrediting Plaintiff's subjective complaints. To the extent Plaintiff asks the Court to re-weigh the evidence or substitute its opinion for that of the ALJ, it cannot. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 12176, 1178 (11th Cir. 2011). Because substantial evidence supports the ALJ's subjective symptom evaluation, Plaintiff's second argument fails.

### C.  VE Hypothetical

Lastly, Plaintiff argues the ALJ erred by failing to give a complete hypothetical to the VE. Plaintiff's assertion is vague; he suggests that the ALJ should have included in the hypothetical *all* of Plaintiff's "well-supported limitations opined by Mr. McLeod's treating physician and other limitations supported by the record … discussed supra" (Doc. 18 at 37). As a result of the allegedly incomplete hypothetical, Plaintiff claims the ALJ erred in finding him capable of performing his past relevant work.

After assessing Plaintiff's RFC, the ALJ determined that Plaintiff "is capable of performing past relevant work as a customer service representative, a service dispatcher, and troubleshooter I" (Tr. 90). A claimant bears the burden of proving he cannot perform his past relevant work. *See Barnes v. Sullivan*, 932 F.2d 1356, 1359 (11th Cir. 1991). Here, the ALJ obtained testimony from the VE to assist in the determination of whether Plaintiff is capable

of performing his past relevant work (Tr. 122-129). The ALJ asked the VE if a hypothetical individual with the claimant's age and education could perform the three jobs identified as Plaintiff's past relevant work: customer service representative, DOT number 249.362-026 sedentary exertional level and SVP 4, semi-skilled; service dispatcher, DOT number 959.167-010, sedentary exertional level and SVP 4, semi-skilled; and trouble shooter I, DOT number 952.364-010, light exertional level but sedentary as performed, SVP 5, skilled (Tr. 124).[2] The VE agreed that the hypothetical individual could perform these jobs (Tr. 125). When asked, the VE clarified that although the DOT does not address the use of a handheld assistive device, in his opinion, based upon his education and work experience, if the individual needs a handheld assistive device, the individual would still be able to perform the past relevant work (Tr. 125-126). In the decision, the ALJ noted that the VE testified that "the DOT does not address the need or use of a handheld assistive device and that [the VE's] testimony in this regard was based on his education and work experience," and then concluded that "[b]ased on the testimony of the [VE] and in comparing the claimant's residual functional capacity with the physical and mental demands of this work, the undersigned finds that the claimant is able to perform it as actually performed, including the jobs of customer service representative and service dispatcher as both actually and generally performed" (Tr. 90-91).

Although Plaintiff argues the hypothetical is incomplete, he has not identified specific additional limitations regarding his ability to work beyond those articulated by the ALJ in the VE hypothetical and in the RFC. The ALJ properly considered the relevant evidence in assessing Plaintiff's RFC and included the limitations she found supported in her hypothetical

---

[2] The DOT defines "sedentary work" as "lifting no more than ten pounds at a time, with occasional lifting or carrying of small articles, and occasional walking or standing." 20 C.F.R. §404.1567(a); §416.967(a).

to the VE (Tr. 125). As a general rule, the ALJ need not include subjective complaints or unsupported limitations in the hypothetical that the ALJ has properly rejected as unsupported. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1161 (11th Cir. 2004). Accordingly, the VE's testimony supports the ALJ's finding that Plaintiff can perform his past relevant work at step four. Furthermore, as the Commissioner asserts, because Plaintiff performed all three of his past relevant work at the sedentary level, any error stemming from the ALJ's failure to include the use of a cane in the hypothetical or in the RFC is a harmless error. *See, e.g., Beaseley v. Comm'r of Soc. Sec.*, case no. 2:20-cv-445-JLB-MRM, 2021 WL 4059895, at *4-5 (M.D. Fla. 2021) ("even accepting as true [the doctor's] representation on the disabled parking permit application that [the claimant] cannot walk more than 200 feet without assistance, [the claimant] has not shown that this disability precludes [her sedentary past relevant work]").

## V.     Conclusion

Accordingly, for the foregoing reasons, it is hereby

RECOMMENDED:

1. The decision of the Commissioner be AFFIRMED.

2. The Clerk be directed to enter final judgment in favor of the Defendant and close the

case.

IT IS SO REPORTED in Tampa, Florida, on this 29th day of July, 2022.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE

**<u>NOTICE TO PARTIES</u>**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.